UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CYNTHIA J. MUELLER,            :       **CIVIL NO.  1:09-CV-0443**
                               :
            Plaintiff          :       (Magistrate Judge Smyser)
                               :
       v.                      :
                               :
SUNSHINE RESTAURANT MERGER     :
SUB LLC, d/b/a INTERNATIONAL   :
HOUSE OF PANCAKES             :
CHESTER TAYLOR, OWNER, and     :
TAYLOR MADE 141, INC.,         :
                               :
            Defendants         :


**MEMORANDUM AND ORDER**


I. Background and Procedural History.


        The plaintiff, Cynthia J. Mueller, commenced this

action by filing a complaint in the Court of Common Pleas of

York County, Pennsylvania.


        The caption of the complaint lists the defendant as

"Sunshine Restaurant Merger Sub LLC dba International House of

Pancakes Chester Taylor, Owner."  Paragraph 2 of the complaint

provides that "Defendant is Sunshine Restaurant Merger Sub LLC, owned by Chester Taylor; owner of International House of Pancakes (IHOP) located at 2900 W Intl Speedway Blvd Daytona Beach, Florida 32124." Although the complaint is ambiguous, we construe the complaint as naming two defendants: 1) Sunshine Restaurant Merger Sub LLC dba International House of Pancakes; and 2) Chester Taylor.[1]  By a stipulation filed on April 23, 2009, the parties agreed that the complaint also names Taylor Made 141, Inc. as a defendant.

The plaintiff alleges that, on February 2, 2008, she was injured at an IHOP restaurant in Daytona Beach, Florida. She alleges that an employee of the restaurant attempted to lift a large wooden highchair over her head, dropped the highchair on her neck and shoulder and injured her.

---

1.  Sunshine Restaurant Merger Sub LLC contends that the complaint named only one defendant - Sunshine Restaurant Merger Sub, LLC. *See Doc. 4 at* ¶¶ 3 & 4.  In response, the plaintiff contends that the complaint also named Chester Taylor as a defendant. *See Doc. 10 at* ¶3 & ¶8.

On March 10, 2009, the defendants removed the case to this court.

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).  A case management order was issued on April 17, 2009, and the case is scheduled for a jury trial beginning on April 5, 2010.

On March 23, 2009, the defendants[2] filed a motion to dismiss the complaint.  On March 30, 2009, the defendants filed a brief in support of the motion to dismiss.  On April 3, 2009, the plaintiff filed a response and a brief in opposition to the motion to dismiss.  On April 10, 2009, the defendants filed a reply brief.

---

2. Although the motion is titled as a motion by defendant Sunshine Restaurant Merger Sub LLC, we construe the motion as brought by both defendant Sunshine Restaurant Merger Sub LLC and defendant Chester Taylor.  The brief in support of the motion argues that the court does not have personal jurisdiction over either Sunshine Restaurant Merger Sub LLC or Chester Taylor.  The reply brief refers to "defendants" throughout.  Pursuant to the stipulation filed by the parties on April 23, 2009, Taylor Made 141, Inc. is also considered a moving defendant.

The defendants contend that the court lacks personal jurisdiction over them and that venue is not proper in this court.

We address the personal jurisdiction issue first.

II. Personal Jurisdiction.

"In deciding a motion to dismiss for lack of personal jurisdiction, we take the allegations of the complaint as true." *Dayhoff Inc. v. H.J. Heinz Co.,* 86 F.3d 1287, 1302 (3d Cir. 1996).  "But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Id.* "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

Federal Rule of Civil Procedure 4 authorizes federal courts to assert personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district courts sits. *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992). The forum state in this case is Pennsylvania. Pennsylvania law permits courts within Pennsylvania to exercise jurisdiction "to the fullest extent allowed under the Constitution of the United States" and provides that jurisdiction "may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. §§ 5322(b). Thus, this court may properly exercise jurisdiction over the defendants as long as the exercise of that jurisdiction does not violate the due process rights of the defendants. *Mellon, supra*, 960 F.2d at 1221.

"The Due Process Clause of the Fourteenth Amendment requires that nonresident defendants have 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Kehm Oil Co. v. Texaco, Inc.,* 537 F.3d

5

290, 299-300 (3d Cir. 2008)(quoting *Int'l Shoe Co. v.*

*Washington,* 326 U.S. 310, 316 (1945)).  "Having minimum

contacts with another state provides 'fair warning' to a

defendant that he or she may be subject to suit in that state."

*Id.* at 300 (quoting *Burger King Corp. V. Rudzewicz,* 471 U.S.

462, 472 (1985)).


        "These basic due process principles are reflected in

the two recognized types of personal jurisdiction" - general

jurisdiction and specific jurisdiction.  *Marten v. Godwin,* 499

F.3d 290, 296 (3d Cir. 2007).  "General jurisdiction exists

when a defendant has maintained systematic and continuous

contacts with the forum state." *Id.*  "Specific jurisdiction

exists when the claim arises from or relates to conduct

purposely directed at the forum state." *Id.*


        The plaintiff concedes that the court does not have

specific jurisdiction over the defendants. *See Doc. 11 at* 5.

The plaintiff, however, contends that the court has general

jurisdiction over the defendants. *Id.*

"When a state has general jurisdiction over a party,
that party can be haled into court in that state 'regardless of
whether the subject matter of the cause of action has any
connection with the forum.'" *Pennzoil Products Co. V. Colelli &
Associates,* 149 F.3d 197, 200 (3d Cir. 1998)(quoting *Farino,
supra* 960 F.2d at 1221)).  "A nonresident's contacts with the
forum must be 'continuous and substantial' to establish general
jurisdiction." *Id.* (quoting *Provident National Bank v.
California Federal Savings & Loan Assoc.,* 819 F.2d 434, 437 (3d
Cir. 1987)).  "The court must evaluate the 'nature and quality'
of a defendant's contacts in light of factors such as whether
the defendant sells products, maintains a sales staff, derives
significant revenue from, or advertises in the forum." *In Re
Chocolate Confectionary Anti-Trust Litigation,* __ F.Supp.2d __,
2009 WL 560601 at *16 (M.D.Pa. Mar. 4, 2009)(Conner, J.).
"Other activities favoring general jurisdiction include holding
a business license, filing tax returns or administrative
reports, owning land or personal property, purchasing products,
or employing an agent in the forum." *Id.*

The defendants have presented evidence that Sunshine
Restaurant Merger Sub, LLC (Sunshine) is a limited liability
company formed under the laws of Delaware and licensed to do
business in Florida and Georgia, that Sunshine's corporate
office and principal place of business is in Florida, that
Sunshine owns franchise licenses for IHOP restaurants in
Florida and Georgia, that Taylor Made 141, Inc. is a sub-
franchisee of Sunshine, that Taylor Made 141, Inc. operates the
IHOP restaurant where the plaintiff was allegedly injured, that
Sunshine does not own any property or conduct any business in
the Commonwealth of Pennsylvania, that Sunshine does not have
any contacts with the Commonwealth of Pennsylvania, that
Chester Taylor is not and has never been a resident of or
domiciled in the Commonwealth of Pennsylvania, that Chester
Taylor is the president and sole shareholder of Taylor Made
141, Inc., that Taylor Made 141, Inc. is a corporation formed
under the law of Florida and registered to do business in
Florida and that neither Taylor Made 141, Inc. nor Chester
Taylor owns any property or conducts any business in the
Commonwealth of Pennsylvania. *See Doc. 4-4 and 4-5.*

The plaintiff contends that the defendants are subject to the court's general jurisdiction because of IHOP's national advertising.  The plaintiff has presented evidence that IHOP maintains a toll-free number for customer feedback and that IHOP maintains a web site with nationwide promotional events and that the web site includes a link entitled "Find an IHOP near you." *See Docs. 11-2 through 11-5.*[3]

The plaintiff has not presented any evidence that the defendants in this case established or maintain the toll-free number or the IHOP website.  There is no basis to assume that the defendants in this case can be sued in any state where IHOP may be sued. *See Field v. Ramada Inn, Inc.,* 816 F.Supp. 1033, 1038 (E.D.Pa. 1993)(rejecting argument that anytime the franchisee of a national franchise is sued jurisdiction may lie anywhere that jurisdiction over the franchisor itself would lie).  Nevertheless, assuming *arguendo* that the toll-free number and the website can be attributed to the defendants in

---

3.  The plaintiff also mentions national television and print advertising in her brief, but she has not presented any evidence regarding television or print advertising.

this case, the evidence presented by the plaintiff regarding

the toll-free number and the website do not establish that the

defendants are subject to this court's general jurisdiction.


        In determining whether a court has personal

jurisdiction over a defendant on the basis of a website, courts

in Pennsylvania analyze the question using the concept of a

sliding scale of commercial interactivity:

> [T]he likelihood that personal jurisdiction can
> be constitutionally exercised is directly
> proportionate to the nature and quality of
> commercial activity that an entity conducts
> over the internet.  This sliding scale is
> consistent with well developed personal
> jurisdiction principles.  At one end of the
> spectrum are situations where a defendant
> clearly does business over the Internet.  If
> the defendant enters into contracts with
> residents of a foreign jurisdiction that
> involve the knowing and repeated transmission
> of computer files over the Internet, personal
> jurisdiction is proper.  At the opposite end
> are situations where a defendant has simply
> posted information on an Internet Web site
> which is accessible to users in foreign
> jurisdictions.  A passive Web site that does
> little more than make information available to
> those who are interested in it is not grounds
> for the exercise of personal jurisdiction. The
> middle ground is occupied by interactive Web
> sites where a user can exchange information
> with the host computer.  In these cases, the
> exercise of jurisdiction is determined by

> examining the level of interactivity and
> commercial nature of the exchange of
> information that occurs on the Web site.

*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.,* 952 F.Supp.

1119, 1124 (W.D.Pa. 1997)(citations omitted)(analysis in

connection with claim of specific jurisdiction).  *See also Toys*

*"R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, (3d Cir.

2003)(describing *Zippo* as the seminal authority regarding

personal jurisdiction based upon the operation of a website);

*Efford v. The Jockey Club,* 796 A.2d 370 (Pa.Super.Ct.

2002)(applying sliding scale approach of *Zippo* to claim of

general jurisdiction).  Where a website is interactive and

general jurisdiction is at issue, the court must analyze

whether the website is targeted specifically to Pennsylvanians

and whether the website is central to the defendant's business

in Pennsylvania. *Haas v. Four Seasons Campground, Inc.,* 952

A.2d 688, 695 (Pa.Super.Ct. 2008).


     In this case, the plaintiff has not presented any

evidence regarding the interactivity of IHOP's website, whether

the website is targeted specifically to Pennsylvanians or

whether the website is central to the business in Pennsylvania.

11

The plaintiff has not established that the website is a

systematic and continuous contact with Pennsylvania for general

personal jurisdiction purposes.  Similarly, the plaintiff has

not established that the toll-free number is a systematic and

continuous contact with Pennsylvania. *See Haas, supra,* 952 A.2d

at 696 (finding that toll-free number not a systematic and

continuous contact); *Romero v. Holiday Inn,* No.Civ.A. 98-2192,

1998 WL 961384 at *2 (E.D. Pa. 1998)(stating that "inclusion

within a world-wide directory and the availability of

reservations over a toll-free line, even when accompanied by

contributions to a franchisor's national advertising campaign,

do not demonstrate systematic and continuous contacts");

*Inzillo v. The Continental Plaza,* No. 3:99-CV-0100, 2000 WL

1752121 at *6 (M.D.Pa. Nov. 27, 2000)(Munley, J.)(finding that

"the fact that the defendants may have maintained a national

toll-free number is insignificant when determining whether

general jurisdiction exists").

     In sum, the plaintiff has not established that the

defendants' contacts with Pennsylvania are so continuous and

systematic that maintaining jurisdiction over them would not

offend traditional notions of fair play and substantial

justice.  Accordingly, the plaintiff has not established that

this court has general personal jurisdiction over the

defendants.

III. Venue.

     In addition to concluding that this court does not have

personal jurisdiction over the defendants, we conclude that

venue is not proper in this court.

     In a diversity action, venue is proper in 1) a judicial

district where any defendant resides, if all defendants reside

in the same state; 2) a judicial district in which a

substantial part of the events or omissions giving rise to the

claim occurred or a substantial part of the property that is

the subject of the action is situated; or 3) a judicial

district in which the defendants are subject to personal

jurisdiction at the time the action is commenced if there is no

other district in which the action may otherwise be brought.

13

The plaintiff contends that venue is proper in this case pursuant to the third clause of 28 U.S.C. § 1391(a) because the defendants are subject to personal jurisdiction in Pennsylvania.  We have, however, already concluded that this court does not have personal jurisdiction over the defendants. Accordingly, venue is not proper in this court.

IV.  Transfer.

In her response to the defendants' motion to dismiss, the plaintiff requests that, if the court finds that jurisdiction and venue are not proper in this court, the court transfer the case to the appropriate Florida district court.

Pursuant to 28 U.S.C. § 1631, if it is in the interest of justice, the court may transfer a case over which it lacks jurisdiction to a district court in which the action could have been brought.  Similarly, pursuant to 28 U.S.C. § 1406, if it be in the interest of justice, the court may transfer a case over which it lacks venue to a district court in which the action could have been brought.

It appears that this action could have been brought in the United States District Court for Middle District of Florida.  Accordingly, we will transfer the case to that court.

V.  Order.

**IT IS ORDERED** that the defendants' motion (doc. 4) to dismiss is **GRANTED** to the extent that the action in this court is dismissed and the action is transferred to the United States District Court for the Middle District of Florida.  The Clerk of Court shall close the case in this court and shall transfer the case to the United States District Court for the Middle District of Florida.

/s/ *J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: April 23, 2009.

15